IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy White, | No. CV-25-08042-PCT-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R") recommending Petitioner's pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Petition") be denied and dismissed with prejudice. (Doc. 9.) Neither party filed objections to the R&R. The Court will accept and adopt the R&R as follows.

I.      BACKGROUND

Magistrate Judge Fine recounted the factual and procedural background of Petitioner Timothy White's trial, appeals, and post-conviction relief ("PCR") proceedings in state court. (Doc. 13 at 2–13). As neither party objects to this portion of the R&R, the Court hereby accepts and adopts it. *See Thomas v. Arn*, 474 U.S. 140, 152 (1989) ("There is no indication that Congress . . . intended [the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C)] to require a district judge to review a magistrate's report to which no objections are filed."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Petitioner filed his pro se Petition (Doc. 1) on February 27, 2025, seeking exoneration and dismissal of his criminal case by raising several grounds for relief:

In Ground 1(a), Petitioner asserts that his trial counsel was ineffective for failing to "object to a double jeopardy violation." In Ground 1(b), Petitioner asserts that his trial counsel was ineffective for failing to communicate a plea agreement to Petitioner. In Ground 2(a), Petitioner asserts that the trial judge presiding over his case committed judicial misconduct by denying a motion to suppress evidence. In Ground 2(b), Petitioner asserts that the trial judge committed misconduct "by allowing the double je[o]pardy violation in his court room." In Ground 3, Petitioner asserts that his Fourth Amendment rights were violated by a law enforcement officer "not checking & attending to the temp[orary] tag in the rear window," which initiated an unconstitutional search of the vehicle. In Ground 4, Petitioner alleges that his protection against double jeopardy was violated by "the ineffective assistance of coun[sel] by not offering me a plea agreement."

(Doc. 9 at 8.)

Respondents filed an Answer on April 30, 2025, conceding that the Petition was timely but arguing that "Petition Grounds 1(a), 2(b), and 4 are procedurally defaulted without excuse; Grounds 2(a) and 3 are non-cognizable in federal habeas proceedings; and Ground 1(b) fails on the merits." (*Id.*) Respondents mailed their Answer to Petitioner at his address of record, (Doc. 8 at 22), and Petitioner has not replied as of the date of this Order.

On June 29, 2025, Magistrate Judge Fine issued an R&R recommending the Petition be denied and dismissed with prejudice and that a certificate of appealability be denied. (Doc. 9.) Neither party filed objections to the R&R.

## II.     LEGAL STANDARD

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* When no objection is made, the district court need only review de novo a magistrate judge's conclusions of law. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998)).

## III.     REPORT AND RECOMMENDATION

### A. Procedural Default

In the R&R, the Magistrate Judge found Grounds 1(a), 2(b), and 4 of the Petition

are procedurally defaulted. "Petitioner's Ground 1(a) claim is subject to an express procedural bar" because he "failed to present his Ground 1(a) claim to the state courts in a procedurally appropriate manner in his PCR proceedings." (Doc. 9 at 15–16.) Similarly, Ground 2(b) is procedurally defaulted because "Petitioner did not raise his Ground 2(b) claim in his supplemental brief in his direct appeal of his convictions and sentences" nor "in his PCR petition in the trial court." (*Id.* at 16.) Lastly, Ground 4 is procedurally defaulted because "Petitioner did not raise his Ground 4 . . . claim in his PCR petition in the trial court." (*Id.* at 17.) The Magistrate Judge further found that "Petitioner had not met his burden" of "establishing either (1) both cause and actual prejudice, or (2) a miscarriage of justice/actual innocence" to excuse the procedural defaults of Grounds 1(a), 2(b), and 4. (*Id.* at 17–19.)

**B.  Non-Cognizability**

The Magistrate Judge found Petitioner's Fourth Amendment claims under Grounds 2(a) and 3 are not cognizable under *Stone v. Powell*, 428 U.S. 465, 494–95 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). Specifically, Petitioner had failed to demonstrate "that he was not afforded an adequate hearing on his Fourth Amendment claims asserted in Grounds 2(a) and 3" by the state court, which precludes federal habeas corpus relief on these claims. (Doc. 9 at 19–22.)

**C.  Merits**

The Magistrate Judge found that Ground 1(b) for ineffective assistance of counsel fails on the merits. To prevail on this claim, Petitioner had to show that his trial counsel's performance (1) was objectively deficient, and (2) caused Petitioner prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Magistrate Judge found Ground 1(b) fails under both *Strickland* prongs. First, Petitioner's counsel was not deficient in failing to communicate a plea offer stipulating to probation during the week before Petitioner's trial because "[t]he [trial] record is clear that Petitioner did not maintain contact with trial

- 3 -

counsel and that trial counsel made significant efforts to contact Petitioner prior to trial and opposed to trying Petitioner *in absentia*." (Doc. 9 at 26–27.) Second, Petitioner failed to establish prejudice from his counsel's failure to communicate the plea offer:

> Petitioner has not shown that if he had been informed of the plea offer of probation, there is a "reasonable probability" that he would have accepted the plea offer. At sentencing, Petitioner explicitly stated, "I don't want to do no probation, be put in no homes or anything, trying to make money off me saying stupid stuff." Petitioner also expressed his desire to appeal his convictions so that he could proceed to retrial. These statements belie Petitioner's current position that he would have accepted a plea offer of probation.

(*Id.* at 28) (citations omitted).

### D. Certificate of Appealability

Lastly, the Magistrate Judge recommended that a certificate of appealability be denied. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by showing either (1) "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or (2) "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). If a habeas claim is dismissed on procedural grounds, a petitioner must show that jurists of reason would find it debatable (1) "whether the petition states a valid claim of the denial of a constitutional right," and (2) "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Magistrate Judge reasoned that a certificate of appealability should be denied because dismissal of Petitioner's constitutional claims is warranted "by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable, because Petitioner has not made a substantial showing of the denial of a constitutional right, and because jurists of reason would not find the Court's rejection on constitutional grounds of Petitioner's claims to be debatable." (Doc. 9 at 28–29.)

- 4 -

## IV.    CONCLUSION

As explained in the R&R, each of Plaintiff's grounds for habeas relief fails because they are procedurally defaulted without excuse, non-cognizable, or fail on the merits. The Court finds the R&R is thorough and well-reasoned, without any clear error of law or fact. *See United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). Pursuant to 28 U.S.C. § 636(b)(1), the Court accepts and adopts the R&R as the opinion of the Court. For the reasons stated in the R&R, the Court denies and dismisses the Petition with prejudice and denies issuance of a certificate of appealability.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 9) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment in favor of Respondents and close this case.

**IT IS FURTHER ORDERED** pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, a certificate of appealability is **DENIED** because reasonable jurists would not find the Court's resolution of Petitioner's claims debatable nor are the issues presented adequate to deserve encouragement to proceed further.

Dated this 25th day of March, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 5 -